```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT            DOC #:
SOUTHERN DISTRICT OF NEW YORK           DATE FILED: 11/21/06
```

------------------------------------------X

UNITED STATES OF AMERICA,

                                          04 Cr. 905(RWS)

- against -
                                          SENTENCING OPINION

ROBERT SINGLETARY RICHARDSON,

                    Defendant.

------------------------------------------X

**Sweet, D.J.,**

On November 21, 2005,, defendant Robert Singletary Richardson ("Richardson") pled guilty to one count of conspiracy in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), a Class A felony. For the reasons set forth below, Richardson will be sentenced to a term of imprisonment of 120 months, to be followed by a five-year term of supervised release. Richardson will also be required to pay a mandatory special assessment of $100.

## Prior Proceedings

Richardson was arrested on June 24, 2004, and has remained in continuous custody since that date. An indictment was filed in the Southern District of New York on August 19, 2004, charging that from on or about January 10, 2003, through on or about August 5, 2003, Richardson and others conspired with each

other, in violation of 21 U.S.C. § 846, to distribute 50 grams and more of cocaine base, in a form commonly known as    "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).    On November 21, 2005, Richardson appeared before the Honorable Henry B. Pitman of this district and pled guilty to the charged criminal conduct without the benefit of a plea agreement.    Richardson's guilty plea was accepted by this Court on January 4, 2006, and he is scheduled to be sentenced on November 28, 2006.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission.    Thus, the sentence to be imposed here is the result of a consideration of:

  (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2)   the need for the sentence imposed --

     (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B)   to afford adequate deterrence to criminal conduct;

2

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

## The Defendant

The following description draws on the Pre-Sentence Investigation Report prepared by the Probation Office of the United States District Court for the Southern District of New York and dated May 18, 2006 ("the PSI"). Additional facts regarding

3

Richardson's history and characteristics are adopted as set forth in that report.

Robert Singletary Richardson was born on March 9, 1978, in Brooklyn, New York. Most of his immediate family, including both of his parents, three of his four siblings, his wife, and his three-year-old daughter, reside in Staten Island, New York. One of his siblings is currently incarcerated. Richardson also has a ten-year-old daughter by a previous relationship who resides with her mother in Manhattan.

Richardson dropped out of high school in the eleventh grade, after failing to be promoted to the next grade due to poor attendance. He has been smoking marijuana since the age of eleven and using cocaine since the age of sixteen. He attended a court-mandated outpatient drug treatment program for one month in 1996 or 1997, but failed to complete the program.

## The Offense Conduct

The following description draws on the PSI. The specific facts of the underlying conduct are adopted as set forth in that report.

On four different occasions between and including January 10, 2003, and August 5, 2003, Richardson participated in a series

4

of transactions with a confidential informant ("CI").  During each
of these transactions, Richardson gave the CI a clear plastic bag
or bags containing a white/gray powder in exchange for money.
Chemists at the New York Police Department analyzed the substances
in the bags sold to the CI by Richardson on those four occasions,
and the laboratory reports prepared by those chemists indicate that
the substances sold to the CI constituted a total of approximately
fifty-one grams of crack cocaine.

## The Relevant Statutory Provisions

The mandatory minimum term of imprisonment is ten years
and the maximum term of imprisonment is a term of life, pursuant to
21 U.S.C. §§ 841(b)(1)(A) and 846.  In addition, a term of at least
five years' supervised release is required if a sentence of
imprisonment is imposed, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and
846.

Richardson is not eligible for probation because the
instant offense is one for which probation has been expressly
precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21
U.S.C. §§ 841(b)(1)(A) and 846.

Pursuant to the Violent Crime Control and Law Enforcement
Act of 1994, all offenders on probation, parole or supervised
release for offenses committed after September 13, 1994, are

5

required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine is $4,000,000, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 846. A special assessment in the amount of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

## The Guidelines

The November 1, 2006, edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11(a).

## A. Offense Level

The Guideline for violations of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1. Based on the PSI and the Government's Pimentel letter, Richardson is responsible for conspiring to distribute and possess with the intent to distribute more than 50 but less than 150 grams of cocaine base. As specified in the Drug Quantity Table under U.S.S.G. § 2D1.1(c)(4), this amount of cocaine base results in a base offense level of 32.

6

Richardson has shown recognition of responsibility for the offense. Pursuant to U.S.S.G. § 3E1.1(a), the offense is therefore reduced two levels. Further, because Richardson's notification of his intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is 16 or greater, the offense level is reduced one additional level, pursuant to U.S.S.G. § 3E1.1(b).

The defendant's resulting adjusted offense level is 29.

## B. Criminal History

Richardson has four prior non-federal criminal convictions which result in a total of six criminal history points.

On August 10, 1996, Richardson was arrested for attempted criminal sale of a controlled substance in the third degree. He was adjudicated as a youthful offender and sentenced to one years' imprisonment, for which he receives two criminal history points, pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(e)(2).

Richardson was charged with resisting arrest on April 4, 1997, and was conditionally discharged on June 3, 1998. Pursuant to U.S.S.G. §§ 4A1.2(c)(1) and 4A1.2(e)(2), no criminal history points are added.

7

On April 15, 1998, Richardson was arrested for attempted criminal possession of a weapon in the third degree, for which he received a sentence of eighteen months to three years' imprisonment. Accordingly, three criminal history points are added, pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1).

Finally, Richardson was arrested for attempted criminal possession of a weapon in the fourth degree on June 26, 2002. He was conditionally discharged on May 9, 2003, and therefore receives one additional criminal history point, pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2).

Thus, pursuant to the Sentencing Table, with a total of six criminal history points, Richardson has a Criminal History Category of III.

## C. Sentence Recommended Under the Guidelines

Based on a total offense level of 29 and a Criminal History Category of III, the Guidelines range for imprisonment is 108 to 135 months. According to the information available to the Government, the relevant statutory criteria of 18 U.S.C. § 3553(f), which are also included in U.S.S.G. § 5C1.2(a), have not been met. Specifically, Richardson does not meet the requirement, pursuant to 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1), that the defendant not have more than one criminal history point.

8

Therefore, the Court in this case may not disregard the applicable statutory minimum sentence and is not at liberty to impose a sentence in accordance with the applicable sentencing analysis.

The Guidelines range for a term of supervised release is therefore five years, the minimum required by statute, pursuant to U.S.S.G. § 5D1.2(c).   Again, because the relevant statutory criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) have not been met, the Court in this case may not disregard any statutory minimum sentence of supervised release.

A term of probation is not authorized, pursuant to U.S.S.G. §§ 5B1.1(b)(2), because the instant offense is one for which probation has been expressly precluded by statute.

The Guidelines fine range for the instant offense is from $15,000 to $4,000,000, pursuant to U.S.S.G. § 5E1.2(c)(3)-(4). Subject to the defendant's ability to pay, in imposing a fine pursuant to U.S.S.G. § 5E1.2(d)(7), the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release.   The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,952.66 to be used for imprisonment, a monthly cost of $287.50 for supervision, and a monthly cost of $1,736.98 for community confinement.

9

Pursuant to U.S.S.G. § 5F1.6, the Court may deny eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance.

## D.  The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guideline analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.  In particular, § 3553(a)(1) asks that the sentence imposed consider both "the nature and circumstances of the offense and the history and characteristics of the defendant," while § 3553(a)(2)(A) demands that the penalty "provide just punishment for the offense" that simultaneously "afford[s] adequate deterrence to criminal conduct" as required by § 3553(a)(2)(B).  Furthermore, pursuant to § 3553(a)(6), the Court is also mindful of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Having considered all the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

10

**The Sentence**

For the instant offense, Richardson is hereby sentenced to 120 months' imprisonment, followed by a five-year term of supervised release.

Since Richardson has been detained without bail since his arrest, he is not a candidate for voluntary surrender pursuant to 18 U.S.C. § 3143(a)(2).

The Court recommends that the Bureau of Prisons make available to the defendant all drug programming for which he is eligible.

Richardson is directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the defendant be supervised by the district of residence.

As mandatory conditions of his supervised release, Richardson shall: (1) not commit another federal, state or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing.

11

The standard conditions of supervision (1-13) shall be imposed, along with the following special conditions:

(1) Richardson will participate in a program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Richardson shall be required to contribute to the costs of services rendered, in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

(2) Richardson shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant is able to pay a fine, and the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for November 28, 2006.

It is so ordered.

November 20, 2006

12